UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY DAVID SMITH,

            Petitioner,

v.

MICHELLE FLOYD,

            Respondent.
_____/

Case No. 2:21-cv-10927

HONORABLE STEPHEN J. MURPHY, III

**ORDER DENYING MOTION
FOR RECONSIDERATION [34] AND
MOTION FOR EXTENSION [33] AND ENJOINING PETITIONER**

Twelve months ago, Michigan prisoner Larry David Smith filed a pro se petition for a writ of habeas corpus that challenged his state convictions, ECF 1, and the State responded, ECF 15. Since filing his petition, Petitioner has filed more than a dozen motions. ECF 10; 13; 17; 18; 21; 22; 23; 27; 28; 29; 30; 33; 34.

A recent motion asked the Court to reconsider the March 9, 2022 Omnibus order. ECF 34. Petitioner moved under Local Rule 7.1(h) and Federal Rule of Civil Procedure 59(e). Because the Court's order was not a final order and no judgment was entered, Petitioner cannot seek relief from the order under Rule 59(e). Petitioner can only seek relief from a non-final order under Local Rule 7.1(h)(2).

Under Local Rule 7.1(h)(2), "[m]otions for reconsideration of non-final orders are disfavored" and may be granted only on three grounds: (1) a mistake of the Court "based on the record and law before the court at the time of its prior decision" if correcting the mistake would change the outcome of the prior decision; (2) if "[a]n

1

intervening change in controlling law warrants a different outcome"; or (3) if "[n]ew facts warrant a different outcome and the new facts could not have been discovered with reasonable diligence before the prior decision."

Petitioner believed that the Court made three palpable errors. The Court disagrees.

First, Petitioner alleged that the Court improperly stated that Respondent answered the habeas claims and provided the state court record. ECF 34, PgID 4043 (citing ECF 26, PgID 3946). Petitioner has not shown how the alleged error would have changed his request for an evidentiary hearing. *Id*. at 4044. Instead, Petitioner alleged that "[i]f Respondent had properly answered truthfully, then it would have been clear and obvious to this Court months ago that [Petitioner] is entitled to habeas relief." *Id*. Because the Court's order never resolved whether Petitioner has a right to habeas relief, Petitioner has not shown the error is palpable.

Second, Petitioner claimed the Court's order had failed to note that one of his claims was a judicial bias claim. *Id*. at 4045 (citing ECF 26, PgID 3946). The argument is meritless because even if the Court had listed that one of his claims is for judicial bias against a state judge, it would not alter why the Court did not grant the evidentiary hearing and discovery requests. Thus, the alleged error is not palpable.

Third, Petitioner argued that the Court's order misstated the law when it wrote, "[a]n evidentiary hearing is available only when the claim relies on a new rule of constitutional law or a new factual predicate and the facts underlying the claim

2

would show by clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty but for a constitutional error." *Id.* at 4046–47 (citing ECF 26, PgID 3946); *see also* 28 U.S.C. § 2254(e)(1). But the alleged error is merely a rehash of Petitioner's arguments and is not palpable. "A motion for reconsideration is 'not an opportunity to re-argue a case' [or] 'to raise [new] arguments which could, and should, have been made' earlier." *Bills v. Klee*, No. 15-cv-11414, 2022 WL 447060, at *1 (E.D. Mich. Feb. 14, 2022) (second alteration in original) (quoting *Sault Ste. Marie v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)). Petitioner conceded that his motion had identified differing case law about when an evidentiary hearing is available to a habeas petitioner. ECF 34, PgID 4048 (citing ECF 23).

Besides, the cases that petitioner cited dealt with cases when a petitioner was denied an evidentiary hearing *with prejudice* because the habeas petition was denied. *See Sawyer v. Hofbauer*, 299 F.3d 605, 608 (6th Cir. 2002). Here, the Court has not denied Petitioner any request for an evidentiary hearing or discovery; the Court explained that it "will consider Petitioner's requests after further review of the case." ECF 26, PgID 3947. It follows that no palpable error has occurred because the Court has not issued a ruling that carries prejudice and is still reviewing the requests. In all, Petitioner has not shown any palpable error in the Court's order and the Court will deny the motion for reconsideration.

Next, the Court will deny Petitioner's request for an extension to reply to the Government's response. ECF 33. The Court already granted Petitioner a 120-day extension to reply to the answer. ECF 20, PgID 3833. The Court has "the inherent

3

authority to manage [the] docket . . . ." *Dietz v. Bouldin*, 136 S. Ct. 1885, 1892 (2016) (citation omitted). With that authority, the Court may extend the briefing schedule for good cause. Fed. R. Civ. P. 6(b)(1). Petitioner has not shown good cause to keep extending the time to reply to the Government's response. Although Petitioner has pointed out that he has limited access to the library and limited funds to copy materials, he has had more than *four* months to file a *seven*-page reply brief. *See* ECF 20; E.D. Mich. L.R. 7.1(d)(3)(B). Rather than work on his reply brief, Petitioner has filed eight vexatious motions. ECF 22; 23; 27; 28; 29; 30; 33; 34. Petitioner is plainly not using his time efficiently and his conduct is creating far more unneeded work for the Court than is typical for an ordinary § 2254 habeas petition. Granting a 45-day extension on top of the current extension would unduly delay the Court's ability to resolve the present case. In short, Petitioner has not shown good cause for the extension and the Court will deny the request.

Last, in the interest of judicial economy and preservation of the Court's resources, the Court will require Petitioner to seek leave from the Court before filing any future motions until the Court reviews Respondent's response to the § 2254 petition. Petitioner has vexatiously multiplied the proceedings and, in the Court's experience, Petitioner's conduct is one of the most extreme cases of a vexatious § 2254 habeas petitioner.

**WHEREFORE**, it is hereby **ORDERED** that the motion for reconsideration [34] is **DENIED**.

**IT IS FURTHER ORDERED** that the motion for an extension [33] is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner may **NOT FILE** any future motions for pretrial release without **LEAVE FROM THE COURT**. Failure to seek leave will lead the Clerk of the Court to strike the motion.

**SO ORDERED.**

s/ Stephen J. Murphy, III  
STEPHEN J. MURPHY, III  
United States District Judge

Dated: April 26, 2022

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 26, 2022, by electronic and/or ordinary mail.

s/ David P. Parker  
Case Manager